**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alchera X Incorporated, | No. CV-24-02166-PHX-SHD |
| Plaintiff, | **ORDER** |
| v. | |
| Jin Hong, | |
| Defendant. | |
| Jin Hong, | |
| Counterclaimant, | |
| v. | |
| Alchera X Incorporated, | |
| Counterdefendant. | |
| Jin Hong, | |
| Third-Party Plaintiff, | |
| v. | |
| Alchera Incorporated, | |
| Third-Party Defendant. | |

Pending before the Court are Defendant Jin Hong's (1) Motion to Amend or Withdraw Rule 36 Responses and Deem the Rule 36 Responses Timely (Doc. 24); (2) Motion to Amend Scheduling Order (Doc. 26); and (3) Motion for Leave to File Out of

Time (Doc. 31). In the third motion, Hong requests to have his one-week-late replies to the first two motions (Docs. 32, 33) be considered timely. (Doc. 31.) Plaintiff Alchera X, Inc. ("Alchera X") has filed responses in opposition. (Docs. 29, 30, 34.)

For the following reasons, Hong's (1) Motion to Amend or Withdraw Rule 36 Responses and Deem the Rule 36 Responses Timely (Doc. 24) is **granted**; (2) Motion to Amend Scheduling Order (Doc. 26) is **granted**; and (3) Motion for Leave to File Out of Time is **denied as moot**.[1]

## I.    BACKGROUND

Alchera X brought this action against Hong, alleging that Hong—the former Chief Executive Officer ("CEO")—misappropriated company funds and, after his termination, continued to represent himself as Alchera X's CEO and harassed Alchera X employees. (Doc. 1 ¶¶ 1–7.) Hong filed counterclaims against Alchera X alleging that he was terminated from Alchera X in violation of his employment agreement, denying him the ownership and salary to which he claims he is entitled. (Doc. 7 at 11–14.) Hong has since amended his counterclaims against Alchera X and brought third-party claims against Alchera Inc. ("Alchera"), Alchera X's parent company, alleging that one or both companies improperly terminated him after he observed inappropriate conduct by Alchera's CEO, misled him into resigning from the Board of Directors, and unlawfully converted his ownership interest. (Doc. 15 at 12–21.)[2]

Alchera X and Hong commenced discovery. (*See* Doc. 11.) On November 19, 2024, Alchera X served a set of Requests for Admission ("RFAs") on Hong. (Doc. 24 at 2; Doc. 29 at 2.) The parties stipulated that Hong would have until January 16, 2025, to serve his responses. (Doc. 24 at 2; Doc. 29 at 2.)

Hong's counsel states that, on January 16, 2025, they were "involved in back-to-back contentious depositions, which involved a discovery dispute resulting in the

---

[1]    The parties did not request oral argument, so the Court decides these motions without holding a hearing. *See* LRCiv 7.2(f).

[2]    Hong's amended counterclaims are the subject of a pending Motion to Dismiss (Doc. 18), which the Court will resolve in due course.

1   reordering of the deposition order and late nights of preparation." (Doc. 24 at 2.)
2   Consequently, although Hong's counsel "believed [the RFA responses] were set to go out
3   by the deadline," the RFA responses were served on January 17, 2025, at 6:54 AM. (Doc.
4   24 at 2–3.) Hong's counsel requested that, under the circumstances, Alchera X deem
5   Hong's RFA responses timely (Doc. 24-2 at 2–3), but Alchera X rejected the request,
6   reasoning that Hong's counsel asked for more time after the deadline already passed and
7   that counsel's commitments did not constitute sufficient cause (Doc. 24-3 at 2).

8   **II.     PROCEDURAL HISTORY**

9           On August 23, 2024, Alchera X filed its Complaint. (Doc. 1.) On October 25, 2024,
10  Hong filed his Answer and Counterclaims against Alchera X (Doc. 7).

11          On October 31, 2024, the Court issued a Rule 16 Scheduling Order and set case
12  management deadlines, including a fact discovery deadline of April 4, 2025. (*See* Doc. 9
13  at 2.) Because written discovery needed to be served at least 45 days before the close of
14  fact discovery (*id.*), the deadline for written discovery was February 18, 2025.

15          On November 15, 2024, Alchera X filed a Motion to Dismiss Hong's counterclaims.
16  (Doc. 10.) On December 13, 2024, instead of filing a response to the Motion to Dismiss,
17  Hong filed an amended pleading, in which Hong asserted the Third-Party Complaint
18  against Alchera. (Doc. 15.) The Court thus denied Alchera X's Motion to Dismiss as
19  moot. (Doc. 23.)

20          On January 16, 2025, Alchera X filed a renewed Motion to Dismiss the amended
21  counterclaims. (Doc. 18.) This Motion since became fully briefed on February 27, 2025.
22  (Docs. 20, 28.)

23          On February 18, 2025, Hong filed the motion to amend or withdraw his RFA
24  responses and the motion to amend the scheduling order. (Docs. 24, 26.) The same day,
25  Hong submitted a Summons to serve Alchera with the Third-Party Complaint. (Doc. 25.)

26          On March 4, 2025, Alchera X filed its responses in opposition to both of Hong's
27  motions. (Docs. 29, 30.) Pursuant to LRCiv 7.2(d), Hong had seven days after service of
28  Alchera X's responses—in this case, March 11, 2025—to file replies.

On March 17, 2025, six days after the deadline for Hong to reply, Hong filed a Motion for Leave to File Out of Time, requesting that his replies in support of his motion to amend or withdraw his RFA responses and his motion to amend the scheduling order be deemed timely. (Doc. 31.) Hong then filed both of his untimely replies. (Docs. 32, 33.) Alchera X has since responded in opposition. (Doc. 34.)

## III. MOTION TO AMEND SCHEDULING ORDER

Hong requests that the Court extend fact discovery and all other future deadlines in this case by ninety days, arguing that good cause exists to amend the scheduling order because (1) the Court entered its scheduling order before Hong filed his Third-Party Complaint and "with prior counsel"; (2) new counsel "discovered the additional causes of action against the Third-Party Defendant," so it was "not reasonably foreseen or anticipated that a Third-Party Defendant would be added to this litigation"; (3) the parties are "still determining which claims will survive the Motion to Dismiss, which will greatly affect the discovery propounded by [Hong]"; and (4) because Alchera X's counsel "refused to accept service" of the Third-Party Complaint, Hong is working to serve Alchera in South Korea. (Doc. 26 at 2–4.)

Alchera X opposes the motion, arguing that "good cause" does not exist to amend the scheduling order because Hong has not been diligent in the litigation, as Hong waited until the day of the deadline to move to amend the scheduling order and "has still not served written discovery requests," and because amending the scheduling order would prejudice Alchera X in prosecution of its claims because Hong continues to "retain[] the hundreds of thousands of dollars in money and property he stole from his employer." (Doc. 30 at 5–7.) Alchera X also argues that Hong "has known about his third-party claims since at least April 2024—six months before the October scheduling conference—when [Hong's prior] counsel notified Alchera X of the very same allegations." (*Id.* at 6 (emphasis omitted).) Last, Alchera X argues Hong has not been diligent in attempting to serve Alchera in South Korea. (*Id.*)

//

## A.    Legal Standard

Pretrial scheduling orders "may be modified upon a showing of 'good cause.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16(b)). This "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Id.* at 609. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* And although the "existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* The standard reflects that "[d]isregard of the [scheduling] order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Id.* at 610.

## B.    Discussion

Primarily considering Hong's diligence in this litigation, as required by *Johnson*, the Court is not persuaded by Hong's argument that his actions in the course of this case are excusable. First, the Court agrees with Alchera X that the change of counsel does not mitigate against Hong's delay in bringing third-party claims against Alchera and in even attempting to serve Alchera. (Doc. 30 at 6.) "[E]ach party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 (1962) (quotation marks omitted). This notice is especially strong here, where previous and current counsel were, until previous counsel's departure, part of the same firm, and current counsel was one of Hong's counsel of record even before previous counsel's departure. (*See* Doc. 7 at 14 [displaying current counsel in signature block].) *See also* LRCiv 83.3(c) ("The attorney who has appeared of record for any party shall represent such party in the cause and shall be recognized by the Court and by all the parties to the cause as having control of the client's case, in all proper ways . . . ."); *Orman v. Cent. Loan Admin. & Reporting*, 2019 WL 4222339, at *2 (D. Ariz. 2019) (holding that, where the court had not yet ruled on the motion to withdraw, counsel was "squarely on the hook" for documents filed by counsel

but signed by the purportedly *pro se* petitioner).

Even setting that aside, as Alchera X notes, the same allegations that formed the basis for Hong's counterclaims against Alchera X and third-party claims against Alchera were known to Hong, whether individually or attributable to his counsel, well before this action was even initiated.  (*See* Doc. 30-2 [April 21, 2024 letter from Hong's previous counsel to Alchera X's counsel containing allegations that (1) Alchera X stopped paying Hong wages, so he transferred funds to "pay some of [its] contractual obligations to him"; and (2) Alchera X wrongfully terminated Hong in retaliation for his complaints of "sexual harassment, gender discrimination, and retaliation at the highest levels of the parent Alchera"].)  The Court also finds it difficult to believe that Hong, regardless of who his counsel was, would not have known at least of the overlap of leadership between Alchera X and Alchera, such that he could reasonably have foreseen or anticipated filing third-party claims against Alchera earlier.  (*Compare* Doc. 30-2 at 3 [stating in April 2024 letter that Hong was "recruited to turn the flailing parent company [Alchera] around by growing the subsidiary in the United States, Alchera X"], *and* Doc. 15 at 12–13 [All actions alleged in this Counterclaim and Third-Party Complaint by Alchera and Alchera X were taken by the same corporate leaders of Alchera, and the two entities should be held jointly and severally liable for their actions, as if they were the same corporate entity . . . ."], *with* Doc. 26 at 3 ["At the time of the Scheduling Conference, it was not reasonably foreseen or anticipated that a Third-Party Defendant would be added to this litigation."].)  In sum, that Hong has, in effect if not legally, had a change of counsel[3] midway through the litigation does not constitute good cause to amend the scheduling order, or mitigate any lack of diligence.

---

[3]    The Court notes that Hong and his counsel, either current or previous, only filed a notice of substitution of counsel on March 19, 2025 (Doc. 35), so previous counsel was still counsel of record for Hong up until that point.  *See, e.g.*, Ariz. R. Prof'l Conduct 1.16(c); LRCiv 83.3(a) ("An attorney of record shall be deemed responsible as attorney of record in all matters before and after judgment until the time for appeal expires or until there has been a formal withdrawal from or substitution in the case."); *id.* 83.3(b) ("With the exception of a change of counsel within the same law firm . . . no attorney shall be permitted to withdraw or be substituted as attorney of record in any pending action except by formal written order of the Court . . . .").  The Court takes Hong's counsel at his word, however, that previous counsel was not participating in Hong's representation in this litigation before the notice of substitution was filed.  (Doc. 26 at 3.)

*See, e.g.*, *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1277 (9th Cir. 2023) (holding district court did not abuse its discretion in finding that party was not diligent where it was on notice of the existence of a defendant eight months before seeking leave to amend).

Even if the Court were to only consider Hong's actions since current counsel took over Hong's representation, however, the Court would still find Hong could have been more diligent. Current counsel appears to have taken over on or before November 27, 2024. (*See* Doc. 12 [filed by current counsel and not listing previous counsel in header].) Since then, Alchera X represents that Hong has not issued any written discovery requests (Doc. 30 at 3), and the Court's docket does not reflect that he noticed any depositions or took any other action indicating he is actively participating in a defense against Alchera X's claims. *See* LRCiv 5.2. The Court somewhat credits Hong's argument that, because Alchera X's motion to dismiss Hong's counterclaims is still pending, the scope of discovery pertaining to the counterclaims is still uncertain. (Doc. 26 at 3.) It is understandable that parties might not expend fees and costs for discovery for claims that may not survive a motion to dismiss. *See* Fed. R. Civ. P. 26(b)(1) (requiring that discovery be "proportional to the needs of the case, considering the importance of the issues *at stake* in the action" (emphasis added)). *Cf. Hunt v. Zuffa, LLC*, 2019 WL 2411416, at *2 (D. Nev. 2019) (staying discovery so the "parties will not need to incur unnecessary discovery costs during the pendency of the motion to dismiss"); *Chaten v. Van Boening*, 2010 WL 3938138, at *1 (W.D. Wash. 2010) (staying discovery because the "court agree[d] that the parties should not face the burden and expense of responding to discovery as to claims that may not survive the pleading stage"). However, Hong did not seek that discovery be stayed pending resolution of the motion to dismiss. Further, resolution of the motion to dismiss does not affect the parties' discovery into materials and information pertinent to Alchera X's affirmative claims, and Hong has not participated in any discovery to defend against its claims, either. The Court does not fault a defendant for holding the plaintiff to its burden of proof, so it is not dispositive to the Court that Hong has not issued discovery requests pertaining to Alchera X's claims, but Hong has not even sought discovery into materials

or information relevant to his affirmative defenses, which are Hong's burden to prove.  (*See* Doc. 15 ¶¶ 94–97.)  *See* Fed. R. Civ. P. 26(b)(1) (including within the scope of discovery "any nonprivileged matter that is relevant to any party's claim *or defense*" (emphasis added)).

Additionally, Hong only submitted a summons to serve Alchera on February 18, 2025, which was the deadline to issue written discovery requests under the current scheduling order and two months after filing the third-party claims.  (Docs. 15, 25.)  Although the Court acknowledges that service of process of foreign defendants can be time-consuming—indeed, Federal Rule of Civil Procedure 4(m) exempts service of foreign defendants from the 90-day deadline to serve a defendant before the court will dismiss—but it weighs against Hong's claims of diligence that Hong only began his service attempts months after adding Alchera as a defendant.  (*See* Doc. 26 at 4 ["As of February 18, 2025, Mr. Hong's counsel has filed a Summons with this Court for Alchera, Inc. to try to effectuate service."].)  Fed. R. Civ. P. 4(b) ("A summons . . . must be issued for each defendant to be served.").  The Court thus agrees with Alchera that Hong "could have anticipated the need to amend earlier if he had exercised more diligence."  *Marcotte v. Gen. Elec. Cap. Servs., Inc.*, 2009 WL 10671521, at *3 (S.D. Cal. 2009).

Nevertheless, there are several factors weighing in Hong's favor.  First, Hong timely amended his counterclaims and joined Alchera as a party under the current scheduling order.  (Doc. 9 at 1 [setting deadline to join parties and amend pleadings of December 30, 2024].)  And, Hong's technical failure to submit a summons aside, the Court cannot say it was unreasonable for Hong to first determine if counsel for Alchera X, Alchera's subsidiary, could accept service on Alchera's behalf before engaging in the costly and time-consuming process of international service of process.  *Cf. Sarieddine v. Vaptio, Inc.*, 2020 WL 8024863, at *2 (C.D. Cal. 2020) (rejecting argument that service must be attempted through the Hague Convention before seeking leave for alternative service as "lack[ing] merit and . . . contrary to Ninth Circuit authority"); *SEC v. Jammin Java Corp.*, 2016 WL 6650849, at *2 (C.D. Cal. 2016) (noting that "federal law plainly permits service on

[foreign] Defendants' . . . domestic counsel," even if "domestic counsel has not been authorized to accept service by a foreign defendant" (second alteration in original) (quotation marks omitted)); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2010 WL 1337743, at *2 (N.D. Cal. 2010) ("[P]laintiffs need not first attempt to personally serve defendants before it may reasonably conclude that service by letters rogatory is more expensive and time-consuming than serving defendant's counsel."). The Court also does not fault Hong for taking time necessary to serve a foreign third-party defendant. *See* Fed. R. Civ. P. 4(m); *Armenian v. Baliacas*, 2022 WL 3356525, at *3 (C.D. Cal. 2022) ("[N]either Federal Rule of Civil Procedure 4(m) nor Ninth Circuit precedent proscribe a time limit to serve defendants located in a foreign country.").[4]

Also weighing in Hong's favor is that this case has only been pending for approximately seven months, and this is Hong's first request for an extension of the Court's deadlines. And, "[a]lthough prejudice is a secondary consideration to the Court," the Court finds that it would not be prejudicial to Alchera X to extend discovery where (1) a properly-joined foreign defendant has yet to be served, (2) there is a pending motion to dismiss Hong's counterclaims against Alchera X, and (3) Alchera X has "not yet invested significant resources" in discovery, having served only one set of discovery requests on Hong. *Marcotte*, 2009 WL 10671521, at *3. The Court also believes that extending the scheduling order in this instance would "secure the just . . . determination of [this] action." Fed. R. Civ. P. 1. This case presents a close call on several fronts, but on balance, the Court ultimately grants the motion to amend the scheduling order.

Although the Court grants Hong his requested relief, he is hereby warned that the Court expects that he will use this extended period to make earnest efforts to serve Alchera and cooperate in this litigation. To avoid further unnecessary delay, the parties shall conduct discovery going forward as though Hong's counterclaims will survive the motion to dismiss, given that Alchera X's claims and Hong's counterclaims arise out of the same

---

[4] The Court cautions Hong, however, that this time is not unlimited. *Armenian*, 2022 WL 3356525, at *3.

underlying set of facts.  The Court will be reluctant to entertain any future requests by Hong to amend the scheduling order, especially if Hong has not done his part—and shown to the Court that he so intends—to "secure the . . . speedy[] and inexpensive determination of [this] action and proceeding."  *Id.*  The Court also expects that Hong's counsel be diligent in their case management and adherence to the Federal Rules of Civil Procedure, this Court's Local Rules, and the scheduling order.

## IV.    MOTION TO AMEND/WITHDRAW RULE 36 RESPONSES

Hong next argues that his RFA responses should be deemed timely because he served them only seven hours late, "upholding the admissions would eliminate the presentation of the merits of multiple of [his] counterclaims," and Alchera X was not prejudiced by the delay.  (Doc. 24 at 10–14.)  Alchera X argues in response that Hong's excuse for failing to timely serve his responses is "insufficient" because "counsel's obligations on other cases or his office's failure to appropriately calendar deadlines do not justify disregard for these deadlines"; Hong "did not [serve] his responses within thirty days of receiving the RFAs [or within the thirty-day period granted by the extension], despite apparently having his responses completed by that time"; and Hong's "delay continues to prejudice [Alchera X] and impact its operations."  (Doc. 29 at 3–6.)

### A.    Legal Standard

Federal Rule of Civil Procedure 36 provides that a "matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."  Fed. R. Civ. P. 36(a)(3).  Rule 36 contemplates, and the Court's scheduling order permits, that the parties may stipulate to extensions without the Court's leave.  (Doc. 9 at 2.)  Once a matter is admitted, however, a party must move for the Court to "permit[] the admission to be withdrawn or amended."  Fed. R. Civ. P. 36(b).

"[T]he court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."  *Id.*

Rule 36 "seeks to serve two important goals:  truth-seeking in litigation and efficiency in dispensing justice." *Inland Empire Waterkeeper v. Corona Clay Co.*, 17 F.4th 825, 837 (9th Cir. 2021) (citation omitted).  A party need not show good cause for a court to grant relief under Rule 36(b). *Friedman v. Live Nation Merch., Inc.*, 833 F.3d 1180, 1185 (9th Cir. 2016).  Nevertheless, courts have been "advised to be cautious in exercising their discretion to permit withdrawal or amendment of an admission." *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007) (citation omitted).

## B.    Discussion

Having considered both factors under Rule 36(b), the Court determines that both factors weigh in Hong's favor and, in its discretion, grants Hong's request to withdraw or amend his RFA responses.

The first factor—promoting the presentation of the merits of the action—is met because "upholding the admissions would practically eliminate any presentation of the merits of the case." *Conlon*, 474 F.3d at 622 (citation omitted).  Here, the RFAs inquire into the heart of the parties' dispute:  whether Alchera X validly terminated Hong, whether Hong misappropriated funds through unauthorized personal expenses charged to his corporate credit card or through awarding himself a loan or raise, and whether Hong misrepresented himself as Alchera X's CEO and engaged in other misconduct after his termination.  (*See* Doc. 24 at 5–10 [providing screenshots of RFAs].)  Alchera X does not argue otherwise.  (*See* Doc. 29.)  *See Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995) (finding first prong of Rule 36(b) met where the "government did not dispute[] that a denial of [the] motion to withdraw the admissions would eliminate a determination of the merits").

The second factor—whether the court is "persuaded that [withdrawal or amendment] would prejudice the requesting party in maintaining or defending the action on the merits," Fed. R. Civ. P. 36(b)—also weighs in Hong's favor.  "The prejudice contemplated by Rule 36(b) is not simply that the party who obtained the admission will now have to convince the factfinder of its truth." *Hadley*, 45 F.3d at 1348 (quotation marks

omitted).  "Rather, it relates to the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted." *Id.* (quotation marks omitted).  "The party relying on the deemed admission has the burden of proving prejudice." *Conlon*, 474 F.3d at 622.  The Ninth Circuit has held that a party was not prejudiced by withdrawal of deemed admissions in circumstances much more prejudicial than those present here. *See id.* at 624 ("[R]eliance on a deemed admission in preparing a summary judgment motion does not constitute prejudice.  Although the United States relied on the deemed admissions in choosing not to engage in any other discovery, we are reluctant to conclude that a lack of discovery, without more, constitutes prejudice." (citations omitted)); *Hadley*, 45 F.3d at 1348 ("Courts are more likely to find prejudice when the motion for withdrawal is made in the middle of trial."); *id.* at 1349 (rejecting argument that party was prejudiced by month-late motion to withdraw because "the inconvenience the [party] may have suffered by the withdrawal of the admissions did not rise to a level of prejudice that justified a denial of the withdrawal motion").

The Court is sympathetic to Alchera X's frustration that continued delay in this litigation overall is detrimental.  (Doc. 29 at 5.)  But the Court must determine whether Hong's "request was so late in the discovery period that [Alchera X was] prejudiced in its discovery conduct by the inability to rely on deemed admissions." *Friedman*, 833 F.3d at 1185.  With this perspective in mind, the Court cannot conclude that Alchera X was prejudiced, in its discovery conduct or otherwise, by receiving the RFA responses only seven hours after the deadline and learning shortly thereafter that Hong would seek to have the responses not be deemed admitted.  Alchera X has not argued that it is unable to engage in certain discovery or maintain its claims against Hong as a result of its inability to rely on the deemed admissions, or that it would be otherwise affected at trial. *See Conlon*, 474 F.3d at 623 ("When undertaking a prejudice inquiry under Rule 36(b), district courts should focus on the prejudice that the nonmoving party would suffer at trial."); *Sonoda v. Cabrera*, 255 F.3d 1035, 1040 (9th Cir. 2001) (affirming district court's finding that "because the

motion [to withdraw] was made pre-trial [the nonmoving party] would not be hindered in presenting his evidence to the factfinder"). The lack of prejudice to Alchera X is further apparent within the context of the Court's amendment to the schedule.

Against this backdrop, Alchera X essentially argues that, instead of having admissions that would offer a shortcut to receive a judgment for the allegedly misappropriated funds from Hong, it now needs to continue in the litigation. (Doc. 29 at 5.) This is insufficient to show prejudice. *See Hadley*, 45 F.3d at 1348 ("The prejudice contemplated by Rule 36(b) is not simply that the party who obtained the admission will now have to convince the factfinder of its truth." (quotation marks omitted)).

Accordingly, the Court grants Hong's motion to withdraw or amend his RFA responses. The responses Hong served on January 17, 2025, at 6:54 AM may stand. However, nothing in this Order prevents Alchera X from raising substantive challenges to the RFA responses, including under Rule 37(c)(2).

## V.    MOTION FOR LEAVE TO FILE UNTIMELY REPLIES

The Court is troubled by Hong's filing of his reply briefs late, especially in light of the circumstances giving rise to the underlying motions, including Hong's failure to timely serve the RFA responses. The Court is further troubled that counsel knew his replies were untimely as of March 14, 2025, yet failed to immediately seek relief from the Court and instead decided "to continue under the impression that the replies were due on March 17, 2025." (Doc. 31-7 ¶¶ 22–25.)

Nevertheless, because it was not necessary for the Court to consider Hong's arguments in his replies, and because the Court ruled in Hong's favor in both motions, his request for leave to file the untimely replies is denied as moot.

Accordingly,

**IT IS ORDERED** that the Motion to Amend or Withdraw Rule 36 Responses (Doc. 24) is **granted**.

///

///

- 13 -

1    **IT IS FURTHER ORDERED** that the Motion to Amend the Scheduling Order

2 (Doc. 26) is **granted**. The deadline for completion of fact discovery and all remaining

3 deadlines shall be extended 90 days.

4    **IT IS FINALLY ORDERED** that the Motion for Leave to File Out of Time (Doc.

5 31) is **denied as moot**.

6    Dated this 20th day of March, 2025.

Honorable Sharad H. Desai
United States District Judge